Argued July 17, affirmed September 11, 1970

WEBER ET AL, *Respondents, v.* ANSPACH, *Appellant.*

473 P2d 1011

*Carlton D. Warren*, Portland, argued the cause and filed the briefs for appellant.

*Paul T. Bailey*, Portland, argued the cause for respondents. With him on the brief was Stephen M. Malm, Portland.

Before O'CONNELL, Chief Justice, and SLOAN, HOLMAN and HOWELL, Justices.

HOWELL, J.

Plaintiffs filed these three suits for specific performance seeking to require the defendant to pay certain delinquent contributions to labor-management pension, health and welfare, and apprenticeship trust funds respectively. The court entered an order (denominated a judgment and decree by the defendant) in favor of the plaintiffs in all three cases and the defendant appeals. The three cases are consolidated for the appeal.

In 1958 the defendant, a building contractor, joined the Portland Home Builders Association, a

building contractors' association which had a labor agreement with the Portland and Vicinity District Council, United Brotherhood of Carpenters and Joiners of America. The labor agreement required all employers to contribute certain amounts per compensable man hours to a health and welfare trust, a pension trust and an apprenticeship training trust for the benefit of the workers. The trust funds were administered by the Trust Department of the United States National Bank. The plaintiffs are the trustees acting under the trust agreement.

The defendant ended his membership in Portland Home Builders Association on December 31, 1965, by discontinuing the payment of his dues. The existing labor contract between the Association and the union expired on April 30, 1966, but the defendant has stipulated that he was bound to contribute under the agreement through April 30, 1966. A new agreement was negotiated between the Association and the union, but as the defendant was no longer a member of the Association he was not a party to the agreement. However, the defendant continued to make contributions to the funds through December 1966, after which he had no employees, although he did not pay on all the man hours worked by his carpenter employees. The contributions were made on remittance forms directed to the Trust Department of the United States National Bank, and the forms were substantially the same except that one referred only to the Health and Welfare Trust and the Pension Trust Funds, and the others included the Apprenticeship Trust Fund. The form stated the following in the space above the employer's signature line:

"The undersigned hereby *adopts and agrees to*

*be bound by the Trust Agreements establishing the Health and Welfare Trust Fund, the Pension Trust Fund, the Apprenticeship Trust Fund, and the Construction Industry Advancement Trust Fund and agrees to make the required contributions to each of such Trust Funds as provided in the current carpenter's Master Collective Bargaining Agreement covering Oregon and Southwestern Washington.* I hereby acknowledge having received copies of the above Trust Agreements. I hereby instruct that remittances be allocated as indicated at right. The Portland Home Builders Association members are not required to contribute to the C.I.A.F. for work on single family residential dwellings in Multnomah, Washington, Clackamas, Columbia and Yamhill, Oregon counties." (Emphasis supplied.)

The plaintiffs seek recovery of the delinquent payments due all three trust funds from May 1, 1966, through December 31, 1966, plus liquidated damages in the amount of 10 per cent of the amount due as provided for in the trust agreement between the union and the Association.

The defendant contends that he is not obligated for the additional payments because there was no contractual relationship between the defendant and the union or the trustees between the period May 1, 1966, and December 31, 1966.

The defendant's argument that he was not bound by the remittance reports and that he had no contractual relationship with the union or plaintiffs as trustees is difficult to follow. The remittance reports which defendant signed specifically stated that the undersigned "adopts and agrees to be bound by the Trust Agreements establishing the Health and Welfare Trust Fund, the Pension Trust Fund, the Apprenticeship Trust Fund" and "agrees to make the

required contributions to each of such Trust Funds as provided in the current carpenter's Master Collective Bargaining Agreement * * *."

■ When a written instrument refers in specific terms to another writing as containing part of the agreement, the other writing is itself a part of the contract between the parties. *United States Fidelity & Guaranty Co. v. Long*, 214 F Supp 307 (D Or 1963); *Cerino v. Oregon Physicians' Service*, 202 Or 474, 276 P2d 397 (1954).

The case of *Hann et al v. Nored*, 233 Or 302, 378 P2d 569 (1963), cited by plaintiffs, is not applicable as it did not involve the execution of remittance reports similar to those in the instant case.

■ We agree with the trial court that the defendant is obligated to pay contributions for all compensable hours worked by his carpenter employees from May 1, 1966, through December 31, 1966.

The defendant also contends that the trial court erred in awarding liquidated damages to plaintiffs.

■ If at the time of making the contract the sum provided bears any reasonable relationship to the anticipated damages and the actual damages are difficult or impossible of ascertainment, the sum provided will normally be considered liquidated damages. *Medak v. Hekimian*, 241 Or 38, 404 P2d 203 (1965).

Each trust fund agreement provided that contributions should be made promptly and the parties "recognize and acknowledge that the regular and prompt payment of Individual Employer contributions to the fund is essential to the maintenance of the Fund."

The agreement also stated that it would be extremely difficult to fix the actual expenses resulting from the failure of the individual employers to pay promptly, and the agreement established the amount of damages at 10 per cent of the amount due.

A trust officer from the bank testified that late or delinquent reports require additional posting, letters of collection to the employers, and finally personal contacts by a field representative. He also testified that the defendant had been delinquent on approximately 30 occasions.

The chairman of the trustees of the fund testified that when the trust agreements were negotiated the parties spent a substantial amount of time considering the provision for liquidated damages before deciding on the amount of 10 per cent. He also stated that it would be difficult to determine the exact cost of processing late or delinquent claims but that in his opinion the cost would exceed 10 per cent.

■ We also agree with the trial court that the plaintiffs are entitled to recover 10 per cent of the delinquent payments as liquidated damages.

The decree is affirmed.