490 P.2d 867

**A. P. BROWN COMPANY, a domestic corporation, et al., Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona In and For the COUNTY OF PIMA, et al., Respondents.**

**No. 2 CA–CIV 1091.**

Court of Appeals of Arizona, Division 2.

Nov. 24, 1971.

---

David S. Wine and Carol Wilson Druke, Tucson, for petitioners.

Messing, Hirsh & Franklin by William Messing, Tucson, for real parties in interest.

HOWARD, Judge.

We assume jurisdiction in this special action to review a Superior Court order as to the assessment of fees for arbitration. We are of the opinion, as we shall subsequently discuss, that the petitioners' jurisdictional challenge is well taken and the subject order was *coram non judice*.

Briefly, the chronology of events is as follows. In 1970, the Kickerts commenced a suit for fraud and deceit against the petitioners in Superior Court. (The plaintiffs sought damages for the defendants' alleged fraud in inducing them to enter into a contract for the purchase of real estate.) The Kickerts, having elected to sue in tort rather than to rescind the contract, affirmed the contract. The defendants, in lieu of filing a responsive pleading, filed a motion to stay the action on the grounds that the contract required submission of the dispute to arbitration.

The trial court found that the matter should be the subject of arbitration and therefore ordered all proceedings stayed pending the outcome of arbitration proceedings.[1]

The Kickerts then filled out the appropriate form and sent $50 for arbitration to the American Arbitration Assocation. The association, however, sent them a bill for an additional $1,100 to commence the arbitration. They thereupon petitioned the trial court to order the defendants (petitioners here) to pay this additional sum of $1,100, claiming as a reason therefor that it was the defendants who were forcing arbitration rather than the plaintiffs and that the plaintiffs did not have that sum of money.[2]  A

---

1. The Kickerts subsequently filed a petition for special action in this court to review this ruling, but we declined to assume jurisdiction.

2. It appears that the administrative fee of the AAA is based upon the amount of each claim as disclosed when the claim is filed and is due and payable at the

hearing was conducted on the petition by the respondent judge who thereupon ordered, in a "Solomon-like" fashion, that the plaintiffs and defendants share the $1,100 burden equally. In other words the plaintiffs were required to pay the amount of $550 and the defendants a like amount.

The contract for the purchase of the real estate in question contained the following provision:

"In the event any disagreement which would be sufficient to maintain a claim in a court of competent jurisdiction shall arise, at any time, between any of the parties subscribed hereto, then and in that event each of said parties hereby agrees to be bound by the provisions of the American Arbitration Association *and shall submit said disagreement to arbitration as provided by the rules thereof,* said arbitration to be completed within 60 days of its institution." (Emphasis supplied).

Section 47 of the Rules of the American Arbitration Association provides:

"As a nonprofit organization, the AAA shall prescribe an administrative fee schedule and a refund schedule to compensate it for the cost of providing administrative services. The schedule in effect at the time of filing or the time of refund shall be applicable.

*The administrative fees shall be advanced by the initiating party or parties,* subject to final apportionment by the Arbitrator in his award.

When a matter is withdrawn or settled, the refund shall be made in accordance with the refund schedule.

The AAA, in the event of extreme hardship on the part of any party, may defer or reduce the administrative fee." (Emphasis added).

time of filing. (Commercial Arbitration Rules of the American Arbitration Association, June 1, 1964.) While at first-blush the sum of $1,150 for commencement of arbitration appears excessive, the Kickerts were hoisted with their own petard for asserting a claim commensurate with such fee.

Our reason for granting relief to the petitioners is twofold: (1) The effect of a stay of proceedings is to prevent the taking of any further steps in the action during the period of the stay; therefore, the validity of the subject order is questionable. Rodriguez v. Rodriguez, 8 Ariz. App. 5, 442 P.2d 169 (1968). (2) Assuming arguendo that the subject order was merely "in furtherance of the order requiring arbitration", as contended by the respondent, it is clearly contrary to the terms of the parties' contract.

It is well settled that courts must give effect to a contract as written. Goodman v. Newzona Investment Co., 101 Ariz. 470, 421 P.2d 318 (1966); Beaugureau v. Beaugureau, 11 Ariz.App. 234, 463 P.2d 540 (1970). Here, the parties' contract provided for submission of controversies to arbitration.[3] The arbitration provision expressly referred to the rules of the American Arbitration Association as controlling the mode of resolution. Therefore, the AAA's rule as to fees was incorporated into the contract by reference and the Kickerts were bound thereby. Climate Control, Inc. v. Hill, 86 Ariz. 180, 342 P.2d 854 (1959), modified, 87 Ariz. 201, 349 P.2d 771 (1960) appeal dismissed, 364 U.S. 409, 81 S.Ct. 180, 5 L.Ed.2d 185; Weber v. Anspach, Or., 473 P.2d 1011 (1970). Furthermore, they cannot escape their contractual obligation by saying that they had not read the AAA rules. Batter Building Materials Co. v. Kirschner, 142 Conn. 1, 110 A.2d 464 (1954).

According to the association's rule with respect to administrative fees, the parties initiating the arbitration are required to advance fees. The Kickerts contend that they are not "the initiating party" since arbitration was ordered by the court. This argument is clearly specious

3. The respondent court, in apportioning the fees as it did, was apparently swayed by the claim of hardship. It should not, however, have permitted equitable considerations to obfuscate the plain terms of the agreement since the AAA rules themselves provide for relief in the event of hardship.

since the court merely found that the subject matter of the lawsuit filed by the Kickerts should be submitted to arbitration as per their agreement and stayed the pending proceeding.[4]

Since the lower court erred in directing the assessment of fees, the order is vacated.

KRUCKER, C. J., and HATHAWAY, J., concurring.

4. For a good discussion of the applicability of an arbitration provision to a claim of fraudulent inducement, see Lummus Co. v. Commonwealth Oil Refining Co., 280 F.2d 915 (1st Cir. 1960).