DOWNEY, Judge.
This is a timely appeal from a non-final order of the circuit court directing the parties to proceed to arbitration and providing that each party shall pay one-half of the fee necessary to institute the arbitration proceeding. Appellants contend the trial court has no authority to require them to pay part of the “up front” expense of the arbitration and, thus, have perfected this appeal.
Appellees acquired an interest in a limited partnership with appellants. Their agreement provided that any disputes arising within the partnership should be resolved by arbitration. A dispute did arise as a result of which appellees sued appellants in the circuit court for breach of contract, fraud and deceit. Appellants answered and moved to stay the suit because of the arbitration provisions of the agreement. The trial court granted the stay *46 and, pursuant to appellees’ motion, appointed an arbitrator and ordered the parties to each pay one-half of the required arbitration fee to commence the proceeding.
With reference to fees and expenses incurred in an arbitration proceeding, section 682.11, Florida Statutes (1985), provides:
Fees and Expenses of Arbitration. — Unless otherwise provided in the agreement or provision for arbitration, the arbitrators’ and umpire’s expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
Thus, it appears that, except for attorney’s fees, the fees and expenses of arbitration are to be determined and allocated by the arbitrators in their award. That provision controls here because there is no provision relative to fees, etc., in the agreement between the parties. This does not, however, resolve the issue between these parties as to who must pay the so-called up front money to commence the proceedings. The trial court said split it; the appellants say that the appellees, having initiated the arbitration, should pay it; and appellees opt for the trial court’s suggestion.
We hold that the initial payment of the arbitration expenses required to commence the proceeding should be paid by the party initiating it, i.e., the party pursuing the claim. This seems to be a logical and reasonable resolution of the problem and one consistent with precedent. The American Arbitration Association Rules provide that the party initiating the proceeding must advance the necessary fee. American Arbitration Association, Commercial Arbitration Rules § 48 (1986). In A.P. Brown Company v. Superior Court, 16 Ariz.App. 38, 490 P.2d 867 (1971), the Arizona court held the initiator should advance the expense money, and it is commonly the plaintiff or movant in all courts who advances the initial expense to start the suit. The arbitrator’s award made at the close of the proceeding designates who will end up footing the bill. The circuit court, however, has no authority to make any such award at the beginning of the proceeding as was done here. Having so decided, we need not treat appellants’ other points.
That portion of the order appealed from that directs the parties to split the initial expenses is reversed.
LETTS and GUNTHER, JJ., concur.