567 So.2d 490 (1990)
OCALA BREEDERS' SALES CO., Appellant,
v.
John J. BRUNETTI, Appellee.
No. 88-3049.
District Court of Appeal of Florida, Third District.
September 18, 1990.
Holland & Knight and William F. Hamilton and Amy D. Ronner, Miami, for appellant.
*491 Tew Jorden & Schulte and Gregory P. Borgognoni, Miami, for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
Ocala Breeders' Sales Co. appeals an order dismissing its action against appellee John Brunetti with prejudice. We reverse.
Ocala is the assignee of a lease with Hialeah Park, Inc. pursuant to which Ocala was to use a portion of Hialeah's facilities for thoroughbred horse sales. Brunetti, President of Hialeah Park, negotiated and executed the lease on Hialeah Park's behalf, but was not himself a party to the lease. The lease contained an arbitration clause.
Ocala brought suit alleging breach of contract by Hialeah, and misrepresentation by both Hialeah and Brunetti. Hialeah and Brunetti moved to enforce the arbitration clause and requested a stay of all proceedings in the trial court pending arbitration.[1] Over Ocala's objection[2] the trial court entered a stay and referred the claims to arbitration.[3]
At the pretrial conference in the arbitration proceeding, the following exchange occurred:
The Chairman: ... Are there any additional comments that either the Claimant first and then the Respondent second would like to make on the claims that have been filed?
[Counsel for Ocala]: I have no comment.
[Counsel for Hialeah and Brunetti]: We have one comment. It has to do with the fact that Mr. John Brunetti personally is named in this proceeding, and when you look at the nature of the claim and the allegations here, it appears that this is a contractual dispute between two companies that entered into a contract, Ocala Breeders Sales Company and Hialeah Park, Incorporated.
I think from looking at the papers in this proceeding that the fact that Mr. Brunetti personally is named in here may be a carry-over from the litigation. But we certainly see no reason or no basis for Mr. Brunetti personally to be continued to be named as a Respondent in this proceeding.
[Counsel for Ocala]: I think that characterization is correct. My understanding is we have a contract dispute between two corporate entities.
[Arbitrator]: The personal Respondent is 
[Counsel for Ocala]: His name was included in the style of the arbitration proceeding, as [counsel for Hialeah and Brunetti] has suggested, as a carry-over from the Circuit Court action which was initially filed over a year ago. And in this particular arbitration proceeding, as opposed to the Circuit Court action, we are not seeking damages against Mr. Brunetti individually.

[Arbitrator]: Well, you have a pretrial stipulation.

.....
The Chairman:
.....
So this can be in the form of a pretrial stipulation that under the notice of actual remedies that John J. Brunetti will be dropped from the style of the case.
(Emphasis added).
The arbitration proceeded between Ocala and Hialeah. An award was entered in Ocala's favor, which was confirmed by the *492 trial court and affirmed by this court. Hialeah Park, Inc. v. Ocala Breeders' Sales Co., 528 So.2d 1227 (Fla. 3d DCA 1988).
Ocala then moved to vacate the stay so it could pursue its misrepresentation claim against Brunetti individually. The trial court denied the motion to vacate stay, denied an alternative motion to resubmit the claim against Brunetti to arbitration, and dismissed the action with prejudice as to Brunetti. The court reasoned that:
a. Count IV, the only count involving John J. Brunetti, individually, is a misrepresentation claim against both Brunetti and Hialeah Park, Inc.
b. Both Brunetti and Hialeah Park, Inc. jointly moved to compel arbitration of the claims against them. This Court granted the motion and ordered the submission of all claims to arbitration.
c. In the arbitration proceedings, John J. Brunetti was dropped as a party.
d. This Court did not retain jurisdiction pending arbitration, except for the limited purpose of confirming whatever award was made by the arbitrators.
e. The arbitrators, even according to OBS's [Ocala's] version of the facts, heard the misrepresentation claim, yet refused to make any award on that claim, instead basing their award solely on breach of contract.
We are unable to agree with the trial court's reasoning and now reverse. It is abundantly clear that the parties did not stipulate to dismiss Brunetti from the lawsuit, but only agreed to exclude Brunetti from arbitration. The arbitration clause here involved was a creature of contract, and the parties to the contract were free to alter their agreement so as to withdraw the Brunetti claim from arbitration. See Pacemaker Corp. v. Euster, 357 So.2d 208, 211 (Fla. 3d DCA 1978) ("Arbitration should be only of those controversies or disputes which the parties have agreed to submit to arbitration") (citation omitted); Lucas v. American Family Mut. Ins. Co., 403 N.W.2d 646, 648-49 (Minn. 1987) (parties may agree to modify arbitration clause to restrict arbitration to specific issues; they may by mutual agreement reserve an issue for determination by the courts).[4] In our view, the only reasonable construction of the parties' stipulation is that the claim against Brunetti would be withdrawn from arbitration and would be determined instead in the civil lawsuit.
The trial court's denial of relief appears to rest on the assumption that it lost jurisdiction of the matter upon referral to arbitration, absent an express reservation of jurisdiction in the order of referral.[5] We disagree. The Florida Arbitration Code provides, in part, "Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only." § 682.03(3), Fla. Stat. (1989).[6] The Code necessarily contemplates that the trial court retains jurisdiction over the action during the pendency of the stay; "[t]he effect of a stay of proceedings is to prevent the taking of any further steps in the action during the period of the stay... ." A.P. Brown Co. v. Superior Court, 16 Ariz. App. 38, 490 P.2d 867, 869 (1971) (citation omitted). Under the Code, an order of referral is an interlocutory order, and as a statutory matter, the trial court retains jurisdiction during the pendency of the stay and until final judgment.
*493 Brunetti argues alternatively that Ocala's claim is barred by the doctrine of res judicata. He relies on the trial court's statement that the arbitrators "heard the misrepresentation claim, yet refused to make any award on that claim, instead basing their award solely on breach of contract." While it is true that the doctrine of res judicata would bar relitigation of the same claims by Ocala and Hialeah, Brunetti was dropped from the arbitration by stipulation and is therefore not a party to the arbitration award. See Trucking Employees of North Jersey Welfare Fund v. Romano, 450 So.2d 843, 845 (Fla. 1984).[7] Even if Brunetti were otherwise able to avail himself of the res judicata doctrine, in the present case the arbitrators' award did not state the basis of the award and made no specific finding on the merits of the contract and misrepresentation claims. That being so, the doctrine is unavailable. See Fulton v. Gesterding, 47 Fla. 150, 36 So. 56, 59 (1904).[8]
Finally, the result reached here comports with fundamental fairness. Brunetti initially requested arbitration and his motion was granted. He later requested to be released from arbitration and Ocala agreed, on the understanding that the claims would remain pending in the civil action. He cannot complain at being held to the terms of his agreement.
We therefore reverse the final judgment and remand for further proceedings consistent herewith.
NOTES
[1] Although not a party to the contract, Brunetti could avail himself of the benefits of the arbitration clause. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 453 So.2d 858, 860 (Fla. 4th DCA 1984), approved, 476 So.2d 140 (Fla. 1985); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286, 288 (Fla. 3d DCA 1980).
[2] Ocala had argued that as assignee of the lease, it was not bound by the arbitration clause.
[3] The order provided, in part:

The plaintiff, Ocala Breeder Sales Co., is hereby ordered to submit the claims raised in this action to arbitration as it agreed to do in the Lease Agreement with Hialeah Park, Inc....
... [T]his action shall be stayed and held in abeyance pending the completion of arbitration proceedings, and this Court shall retain jurisdiction over this cause to enforce the rulings of the arbitration panel.
[4] The Code itself contains a number of provisions designed to assure that claims will not be submitted to arbitration unless the parties have agreed to do so. See §§ 682.03; 682.13(1)(e), (3); 682.14(1)(b), Fla. Stat. (1989); see also Painewebber, Inc. v. Hess, 497 So.2d 1323 (Fla. 3d DCA 1986).
[5] The trial court entered two orders retaining jurisdiction for specified purposes in connection with the arbitration, see supra note 3, which it interpreted as not encompassing a reservation of jurisdiction over the Brunetti claim.
[6] The Florida Arbitration Code is patterned after the Uniform Arbitration Act (as amended, 1956), 7 U.L.A. § 1 et seq. (1985). See The Florida Bar, Arbitration in Florida § 1.9 (1979).
[7] Brunetti has not contended that he is a privy of a party for these purposes. See McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323, 328 (1935); Mendelsund v. Southern-Aire Coats, 210 So.2d 229 (Fla. 3d DCA 1968).
[8] Brunetti contends that Ocala admitted, in post-arbitration pleadings, that no award was made on the misrepresentation claim. After review of the record, we conclude that the cited statements do not amount to such a concession. Indeed, Brunetti's post-arbitration memorandum argued that on one view of the facts, the arbitrator's award could be explained only on the assumption that the arbitrators did make a specific award on the misrepresentation claim.