583 So.2d 402 (1991)
Sidney H. GREENSTEIN, individually and as Trustee and Newman-Greenstein Real Estate Co., Inc., Petitioners,
v.
BAXAS HOWELL MOBLEY, INC., Respondent.
No. 91-1171.
District Court of Appeal of Florida, Third District.
July 30, 1991.
Ferdie and Gouz, and Ainslee R. Ferdie, Coral Gables, for petitioners.
Robert C. Eber, Miami, for respondent.
*403 Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
The petitioners, Sidney H. Greenstein, etc., et al., individually and as trustee and Newman-Greenstein Real Estate Co., Inc., petition for a writ of certiorari to quash the trial court's denial of a motion for order of protection of discovery. The question presented is whether, after an order was entered compelling arbitration, the trial court erred in denying a motion for order of protection. We grant the writ and quash the denial.
The respondent, Baxas Howell Mobley, Inc., filed a complaint against the petitioners, seeking recovery of a real estate brokerage commission. After an evidentiary hearing, the trial court entered an order compelling arbitration. The respondent sent out notices of deposition, and the petitioners filed a motion for order of protection. The trial court denied the motion.
Certiorari is the appropriate vehicle to review an order granting discovery. Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984). In the case at bar, the trial court's denial of motion for order of protection in effect granted discovery. Thus certiorari is available to review that denial.
Next we must consider whether that grant of discovery was permissible after arbitration had been compelled. Any proceedings involving an issue subject to arbitration under the Florida Arbitration Code must be stayed when the order for arbitration is made. § 682.03(3) Fla. Stat. (1989). See also Ocala Breeders' Sales Co. v. Brunetti, 567 So.2d 490 (Fla. 3d DCA), rev. denied, 576 So.2d 285 (Fla. 1990).
Furthermore, the Florida Arbitration Code does not permit discovery within the arbitration itself, even apart from the judicial proceedings. Depositions may be used in arbitration, by permission of the arbitrator, only where a witness cannot be subpoenaed or is unable to attend the hearing. § 682.08(2) Fla. Stat. (1989).
In the case at bar, the order compelling arbitration was entered before the respondent sent out notices of deposition. The proceedings should have been stayed, and no discovery conducted. The trial court's denial of petitioner's motion for order of protection impermissibly granted discovery.
Accordingly, we quash the order under review and thereby also quash the subpoenas issued by the trial court. This ruling is without prejudice to the respondent to apply to the arbitration board for new subpoenas under the Florida Arbitration Code.