PER CURIAM.
Chemstar Corporation appeals from a non-final order compelling arbitration. We affirm.
Chemstar and Stark entered into a contract for consulting services; the contract provided that “[a]ny claims, disputes or causes of action, arising out of or in connection with this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association....”
A dispute arose between the parties; Stark filed a demand for arbitration. Chemstar then filed an action for a declaratory judgment, seeking to determine Stark’s entitlement to arbitration proceedings. After a hearing at which the trial court heard testimony and received documentary evidence, the trial court entered an order compelling arbitration.
This matter is governed by the Florida Arbitration Code, section 682.03(4), Florida Statutes (1991), which provides that when faced with an issue of arbitrability, the trial court shall determine the issue as to the “making of the agreement or provision.” There has been no challenge to the making of the agreement or of the arbitration clause; the trial court thus properly entered an order compelling arbitration. See Post Tensioned Eng’g v. Fairways Plaza Assoc., 412 So.2d 871, 873 (Fla. 3d DCA) (“Thus, the role of the court in deciding, ab initio, whether arbitration may be compelled is limited to determining whether an enforceable arbitration clause exists.”), rev. denied sub nom. Fairways Plaza Assoc, v. Commercial Constr. Co., 419 So.2d 1197 (Fla.1982).
Furthermore, the trial court correctly stayed all discovery sought by Chemstar in its declaratory judgment action. “Any proceedings involving an issue subject to arbitration under the Florida Arbitration Code must be stayed when the order for arbitration is made.” Greenstein v. Baxas Howell Mobley, Inc., 583 So.2d 402, 403 (Fla. 3d DCA 1991).
AFFIRMED.