STEVENSON, J.
Lori Mazzei entered into a contract with ProSpec, L.L.C. for ProSpec to inspect a house. After Mazzei filed a complaint alleging that ProSpec breached the contract, ProSpec sought to compel arbitration pursuant to the contract’s arbitration clause. ProSpec now appeals the trial court’s order granting its motion to compel arbitration on the condition that it pay the filing fee required by the American Arbitration Association. We reverse the trial court’s “conditional” granting of the motion to compel arbitration.
In this appeal, the sole issue is which party is required to pay the arbitration’s initial filing fee. Mazzei, the plaintiff below, does not assert that her claim against ProSpec presents no arbitrable issue. Rather, Mazzei contends that she was not required to file an arbitration action because the arbitration clause is ambiguous and “does not state that disputes over the contract must be filed as an arbitration action at its outset.” The arbitration clause contained in the pre-inspection agreement states:
Any controversy of claim between the parties arising out of or relating to the interpretation of this Agreement, the services rendered hereunder or any other matter pertaining to this Agreement will be submitted in accordance with the applicable rules of the American Arbitration Association.
This court has previously stated that “all doubts about the scope of an arbitration agreement, as well as any questions about waivers thereof, are in favor of arbitration, rather than against it.” Breckenridge v. Farber, 640 So.2d 208, 210 (Fla. 4th DCA 1994). Mazzei’s contention that she was not required to seek resolution of the contractual dispute with ProSpec as an arbitration action “at its outset” is without merit.
We also reject Mazzei’s argument that ProSpec should be required to pay the initial arbitration fee since ProSpec was the party that asked the court to send the dispute to arbitration. R-49 of the American Arbitration Association’s Commercial Arbitration Rules and’ Mediation Procedures states that “[t]he filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award.” In Kessel v. Dugand, 508 So.2d 45 (Fla. 4th DCA 1987), the parties entered into an agreement that required them to submit all disputes to arbitration. When a dispute arose, the appellees disregarded the arbitration clause and filed a complaint in the trial court. See id. Thereafter, the trial court held that the parties would each pay half of the initial filing fee. See id. at 46. On appeal, this court held that the appellees, the plaintiffs in the trial court and the party seeking formal resolution of the dispute, would be required to advance the initial arbitration filing costs:
[T]he initial payment of the arbitration expenses required to commence the proceeding should be paid by the party initiating it, i.e., the party pursuing the claim. This seems to be a logical and reasonable resolution of the problem and one consistent with precedent. The American Arbitration Association Rules provide that the party initiating the proceeding must advance the necessary fee.
Id. at 46 (emphasis added).
In reaching its holding in Kessel, this court approvingly cited the opinion in A.P. Brown Co. v. Superior Court ex rel. Pima County, 16 Ariz.App. 88, 490 P.2d 867 (1971), and noted that “the Arizona court *940 held the initiator should advance the expense money, and it is commonly the plaintiff or movant in all courts who advances the initial expense to start the suit. The arbitrator’s award made at the close of the proceeding designates who will end up footing the bill.” 508 So.2d at 46. In A.P. Brown Co., the parties entered into a contract pertaining to the purchase of real estate, which provided that all disputes had to be submitted to arbitration. See 490 P.2d at 869. After the trial court determined that the dispute was subject to arbitration, the plaintiffs paid a small portion of the filing fee, but the American Arbitration Association sent the plaintiffs a bill for an additional $1,100. Because the plaintiffs opposed paying the bill, arguing that “it was the defendants who were forcing arbitration,” the trial judge held a hearing and then ordered the parties to each pay half of the bill. Id. at 868-69. On appeal, the plaintiffs contended that they were not the party initiating arbitration “since arbitration was ordered by the trial court.” Id. at 869. When addressing this contention, the Arizona Court of Appeals said that “[t]his argument is clearly specious since the court merely found that the subject matter of the lawsuit filed by the [plaintiffs] should be submitted to arbitration as per their agreement and stayed the pending proceeding.” Id. at 869-70. In A.P. Brown Co., the plaintiff was required to advance the arbitration filing fees even though the defendant asked that the dispute be moved from court into the arbitration arena.
As in Kessel and A.P. Brown Co., Mazzei is the party pursuing the claim, and pursuant to the contract, is required to initiate the arbitration proceedings and advance the arbitration filing fees. Accord N. Am. Van Lines v. Collyer, 616 So.2d 177, 178 (Fla. 5th DCA 1993) (requiring plaintiffs to pay the initial arbitration filing fees even though the defendant asked the circuit court to stay the legal proceedings and insisted on exercising its contractual arbitration rights). Accordingly, we hold that the trial court erred by conditionally granting ProSpec’s motion to compel arbitration. We reverse and remand with directions that the trial court strike the conditional language from the order, which requires ProSpec to pay the filing fee to initiate the arbitration.

Reversed and Remanded.

POLEN and TAYLOR, JJ., concur.