**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKMAN BROWN; et al., | No. 17-15121 |
| Petitioners-Appellees, | D.C. No. 2:16-cv-02801-SRB |
| v. | |
| EVA SPERBER-PORTER, a married woman dealing with her sole and separate property; et al. | MEMORANDUM[*] |
| Respondents-Appellants. | |

On Appeal from the United States District Court
for the District of Arizona
Hon. Susan R. Bolton, District Judge, Presiding

Submitted February 12, 2018[**]
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and JACK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Eva Sperber-Porter, Joseph Baldino, Helen Baldino, and various entities controlled by them (collectively, "Baldino Parties"), appeal from the Arizona District Court's confirmation of an arbitration award rejecting their malpractice claim against their former attorneys, Rickman Brown; Jeff Ross; Evans, Sholz, Williams & Warncke, LLC; and Ross Orenstein & Baudry LLC (collectively, "Former Counsel"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1.     The basis of the Baldino Parties' malpractice claim is that their engagement agreement with Former Counsel contained a purportedly unethical provision allowing Former Counsel to settle on their behalf claims arising from their investment in a defunct mortgage business, provided that a majority of the Baldino Parties' co-plaintiffs approved of the settlement. The parties then agreed to submit their claims against each other to arbitration, and that the Arbitrator's decision would be "final" except as provided by Ariz. Rev. Stat. Ann. § 12-1512.

2.     In reviewing a district court's confirmation of an arbitration award, we accept findings of fact unless they are "clearly erroneous," while we review questions of law de novo. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947–48 (1995). "[W]ith respect to the underlying arbitration decision, however, our review is both limited and highly deferential." *See Coutee v. Barington*

2

*Capital Grp., L.P.*, 336 F.3d 1128, 1132–33 (9th Cir. 2003) (quotations omitted); *see also Nolan v. Kenner*, 250 P.3d 236, 238 (Ariz. Ct. App. 2011).

3. Arizona law requires a court to refuse to confirm an arbitration award where the arbitrator "refused to postpone the hearing upon sufficient cause being shown therefor . . . ." Ariz. Rev. Stat. Ann. § 12-1512(A)(4).[1] The Arbitrator's refusal to postpone the hearing does not entitle the Baldino Parties to relief because they failed to show sufficient cause for a postponement. Their malpractice claim would fail even if the purportedly unethical majority-rule provision were struck down, *see Martin v. Burns*, 429 P.2d 660, 662 (Ariz. 1967) (in division), and their requested postponement of "several more years," is contrary to the "speedy final disposition" which is the primary purpose of arbitration. *Smith v. Pinnamaneni*, 254 P.3d 409, 414 (Ariz. Ct. App. 2011) (quoting *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 882 P.2d 1274, 1278 (Ariz. 1994) (en banc)). Additionally, the Baldino Parties are not entitled to relief on this ground because they were not substantially prejudiced by the refusal to postpone. *See* Ariz. Rev. Stat. Ann. § 12-1512(A)(4); *Canon*, 882 P.2d at 1276. The Arbitrator made the Baldino Parties' obligation to pay Former Counsel for the GT Settlement contingent on the

---

[1] We assume, without deciding, that the parties' agreement that § 12-1512 would govern is valid. *But see* Ariz. Rev. Stat. Ann. § 12-3004(C). We would reach the same result under the Revised Uniform Arbitration Act.

3

enforcement of that settlement by the Arizona courts, all of which have so far ruled for Former Counsel.[2]

4.     Under Arizona law, an arbitration award can also be set aside where it "conflict[s] with express guidelines or standards set forth or adopted in the arbitration agreement." *Smitty's Super-Valu, Inc. v. Pasqualetti*, 525 P.2d 309, 313 (Ariz. Ct. App. 1974); *see* Ariz. Rev. Stat. Ann. § 12-1512(A)(3). The Baldino Parties urge that the Arbitrator's award of interest and attorneys' fees conflicted with the parties' agreement that Arizona law would apply. However, those parts of the award are authorized by the agreement's incorporation of the rules of the American Arbitration Association ("AAA").[3] AAA Rule 47(d) (2013); *see A.P. Brown Co. v. Super. Ct.*, 490 P.2d 867, 869 (Ariz. Ct. App. 1971). The Arbitrator's award thus did not conflict with the "express guidelines" of the arbitration agreement. *Pasqualetti*, 525 P.2d at 313.

The judgment of the district court is **AFFIRMED.** Costs and fees for this appeal are awarded to Appellees.

---

[2] We take judicial notice that the Arizona Court of Appeals approved of the majority-rule provision and upheld the GT settlement. *Baldino v. Ashkenazi*, No. 1 CA-CV 16-0404, slip op. at 2 (Oct. 5, 2017). The record does not reveal whether the Baldino Parties seek discretionary review from the Arizona Supreme Court. *See* Ariz. R. Civ. App. Pro. 23.

[3] The parties' disputes about, e.g., whether the "gravamen" of the malpractice claim sounded in contract are thus beside the point. Regardless, any alleged error by the Arbitrator in resolving these issues of Arizona law would not amount to a failure to apply Arizona law. *See Pasqualetti*, 525 P.2d at 313.