# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2344 & 3D21-2437
Lower Tribunal No. 20-8460
_____

**Corey Shader, et al.,**
Petitioners,

vs.

**ABS Healthcare Services, LLC, et al.,**
Respondents.

Writs of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Carlton Fields, P.A., and Benjamine Reid, Alan Grunspan, and Clifton R. Gruhn, for petitioner Corey Shader; Cozen O'Connor, and James A. Gale, Samuel A. Lewis, David M. Stahl, and Jonathan E. Gale, for the Kratos petitioners.

Boies Schiller Flexner LLP, and Carlos M. Sires and Sigrid S. McCawley (Fort Lauderdale), for respondents.


Before LOGUE, LINDSEY, and LOBREE, JJ.

LOGUE, J.

Petitioner Corey Shader, a non-party below, and the Defendants below have filed separate petitions for a writ of certiorari seeking to quash the same discovery order issued by the trial court. We have consolidated the petitions. One of the Defendants, Richard Ryscik, and the non-party Corey Shader were deposed and portions of their testimony regarding financial and business matters were designated as confidential pursuant to a procedure established in a protective order entered by the trial court. Subsequently, the Respondents, the plaintiffs below, filed a motion to de-designate Ryscik's and Shader's testimony pursuant to a procedure established in the same protective order. The trial court granted the motion, de-designating the testimony and authorizing its public use. The Petitioners seek to quash that order.

The twist in this case is that the protective order and the designation of the material as confidential occurred before the case was submitted to arbitration but the motion to de-designate and the court order de-designating occurred after the case was submitted to arbitration.

The question presented is whether the authority to interpret and apply the trial court's interlocutory pre-trial protective order entered prior to the case being submitted to arbitration lies with the trial court or the arbitrators during the pendency of an arbitration. We hold that, during the pendency of

2

the arbitration, the arbitrators have exclusive authority to determine these matters. To decide otherwise would mean that disputes arising in the course of the arbitration out of interlocutory pre-trial court orders (including basic discovery disputes) would need to be referred back to the judicial process in contravention of the purpose of arbitration which is to provide a dispute resolution process outside of the court system. Accordingly, we issue the writ.

BACKGROUND

This matter stems from a lawsuit in which ABS Healthcare Services, LLC and Health Option One, LLC (collectively, "Plaintiffs") sued Kratos Investments LLC, Health Team One LLC, Complete Vital Care LLC, Health Essential Care LLC, and Richard Ryscik (collectively "Defendants") over an alleged scheme to steal Plaintiffs' business. The Defendants moved to compel arbitration. The trial court denied the motion. Then, as part of the management of the case, the trial court entered a protective order governing discovery.

The protective order allowed both parties and non-parties to designate documents or testimony as confidential so long as the information was "entitled to confidential treatment under the applicable legal principles."

Materials so designated were required to be treated as confidential until the designating party agrees otherwise in writing "or a court otherwise directs."

The protective order provided that a party opposing the designation of the materials as confidential "may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof." Even after a motion was filed, however, the designated information was to be protected "until the court rules on the challenge."

Pursuant to the terms of the protective order, Petitioner Corey Shader, a non-party below was deposed and portions of his deposition testimony were designated as confidential.

Shortly afterwards, however, this Court reversed the trial court's denial of arbitration and ordered the matter submitted to arbitration pursuant to a written agreement to arbitrate "in accordance with Commercial Arbitration Rules of the American Arbitration Association pursuant to the laws of the State of Florida governing arbitration." Kratos Invs. LLC v. ABS Healthcare Servs., LLC, 319 So. 3d 97, 99-100, 102 (Fla. 3d DCA 2021). The trial court duly entered a stay of the court proceedings and sent the matter to arbitration.

4

Several months later, while the arbitration was still pending, the Plaintiffs filed a motion in the trial court to de-designate portions of Corey Shader's testimony. After initially expressing concerns over its authority to lift the stay entered when the case was pending in arbitration, the trial court entered an order expressly lifting the stay and de-designating Shader's testimony.

ANALYSIS

"To grant certiorari relief, there must be: '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)).

Certiorari jurisdiction is present here because "an order requiring the disclosure of confidential 'cat-out-of-the-bag' information is precisely the type of order that can cause irreparable harm." Rousso v. Hannon, 146 So. 3d 66, 71 (Fla. 3d DCA 2014) (citing Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995)) (granting certiorari to quash order requiring disclosure of third party's financial information). In this regard, "[d]iscovery orders that require the disclosure of claimed confidential information are reviewed with

5

greater caution than those that are simply burdensome or costly due to overbreadth." Id.

The question of whether the trial court's order at issue represents a departure from the essential requirements of law is a closer question. This concept means something greater than "the mere existence of legal error." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 528 (Fla. 1995). As repeatedly explained by our Supreme Court:

> Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.

Nader, 87 So. 3d at 722 (quoting Combs v. State, 436 So.2d 93, 95–96 (Fla.1983)). "This standard, while narrow, also contains a degree of flexibility and discretion." Id. at 723 (quoting Heggs, 658 So. 2d at 530). Moreover, our Supreme Court has recognized that "'clearly established law' can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003). "Accordingly, a district court may grant a writ of certiorari after determining that the decision is in conflict with the relevant

statute, so long as the legal error is also 'sufficiently egregious or fundamental to fall within the limited scope' of certiorari jurisdiction." <u>Nader</u>, 87 So. 3d at 723.

The relevant statute here is Florida's Arbitration Code. §§ 682.03–682.15, Fla. Stat (2021). The statute squarely places discovery matters relating to an arbitration within the authority of the arbitrators. Among other things, the Florida Arbitration Code generally gives the arbitrator the authority to "permit such discovery as the arbitrator decides is appropriate in the circumstances," § 682.08(3), Fla. Stat., and enforce these rulings by "issu[ing] subpoenas for the attendance of a witness and for the production of records and other evidence at a discovery proceeding, and tak[ing] action against a noncomplying party to the extent a court could if the controversy were the subject of a civil action in this state." § 682.08(4), Fla. Stat.

More to the point at issue here, the Code also specifically provides that the arbitrator's authority extends to protective orders. It empowers the arbitrator to "issue a protective order to prevent the disclosure of privileged information, confidential information, trade secrets, and other information protected from disclosure to the extent a court could if the controversy were the subject of a civil action in this state." § 682.08(5), Fla. Stat.

Of course, "an order of referral [to arbitration] is an interlocutory order, and as a statutory matter, the trial court retains jurisdiction during the pendency of the stay and until final judgment." Ocala Breeders' Sales Co. v. Brunetti, 567 So. 2d 490, 492 (Fla. 3d DCA 1990). Nevertheless, the Code also mandates the stay of the judicial proceeding after referral to arbitration: "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration." § 682.03(7), Fla. Stat. (emphasis added). See also Chemstar Corp. v. Stark, 634 So. 2d 794, 795 (Fla. 3d DCA 1994) ("Any proceedings involving an issue subject to arbitration under the Florida Arbitration Code must be stayed when the order for arbitration is made.").

"[T]he effect of a stay of proceedings is to prevent the taking of any further steps in the action during the period of the stay . . . ." Ocala Breeders', 567 So. 2d at 492. In short, "[o]nce a matter has been voluntarily submitted to arbitration, a trial court lacks authority to become involved in the arbitration." Sea Vault Partners, LLC v. Bermello, Ajamil & Partners, Inc, 274 So. 3d 473, 477 (Fla. 3d DCA 2019).

Under this law and related law, we have held that a court departed from the essential requirements of law by asserting jurisdiction over discovery after a matter has been referred to arbitration. Macro Cap. Corp. v. The

8

<u>Soffer Grp. ex rel. Soffer</u>, 822 So. 2d 525, 526 (Fla. 3d DCA 2002); <u>Greenstein v. Baxas Howell Mobley, Inc.</u>, 583 So. 2d 402, 403 (Fla. 3d DCA 1991) (issuing writs of certiorari to quash orders governing discovery after a matter has been referred to arbitration).

Respondents contend that the plain language of the order at issue requires designated material to be kept confidential "until a court otherwise directs." They go so far as to maintain that testimony and documents produced and designated as confidential under the protective order cannot be disclosed to the arbitrator for any purpose, even for the purpose of seeking a de-designation of the documents or materials. Respondents accurately report the plain language of the protective order. This plain language, however, must yield to the law described above which mandates a stay in the trial court once arbitration is ordered, prohibits the trial court from becoming involved in the arbitration, and authorizes the arbitrator to take charge of discovery—including the issuance of protective orders—during the pendency of the arbitration.

Accordingly, we issue the writ and quash the trial court order under review as such matters are left to the arbitrators during the pendency of the arbitration.

Petition granted. Writ issued.

9