Dan Tucker Auto Sales, Inc. ("Tucker"), the defendant in an action pending in the Jefferson circuit Court, petitions for a writ of mandamus directing the Jefferson circuit Court 1) to withdraw its order of July 29, 1996, directing Tucker to pay an arbitration filing fee and 2) to require the plaintiff, John Phelps, to pay that filing fee. We grant the petition. We conclude that Phelps, who filed the complaint in the circuit court, is the "claimant" and the "initiating party" for purposes of interpreting Rule 6 of the Commercial Arbitration Rules of the American Arbitration Association ("AAA").
 Facts
Phelps's lawsuit against Tucker arose out of Tucker's sale of a used automobile to Phelps. Tucker asked the circuit court to compel arbitration, in accordance with the predispute arbitration agreement made by the parties on May 7, 1991. On June 12, 1995, the circuit court granted the motion to compel arbitration. Phelps petitioned this Court for a writ of mandamus directing the circuit court to rescind its order compelling arbitration. On December 22, 1995, this Court denied the writ. Ex parte Phelps,672 So.2d 790 (Ala. 1995).
After we denied the writ, Phelps asked the circuit court to direct Tucker to pay the arbitration filing fee. Phelps claimed that payment of arbitration fees might impose a hardship on him. On July 29, 1996, the circuit court ordered Tucker to pay the arbitration filing fee. Tucker now asks us to direct the circuit court to vacate that July 29, 1996, order.
 Issue
The May 7, 1991, arbitration agreement signed by Tucker and Phelps specifically adopted the American Arbitration Association's Commercial Arbitration Rules.[1] Tucker argues that these rules require that Phelps file his demand with the American Arbitration Association and prepay the appropriate filing fee. Phelps claims that the rules provide that the "initiating party" is to file and pay the fee, and Phelps argues that *Page 35 
Tucker is the initiating party because Tucker asked the court to compel arbitration. The question raised here is which of these parties is the "initiating party" as contemplated by the Commercial Arbitration Rules. We hold that Phelps, the plaintiff, is the initiating party.
 Analysis
The Commercial Arbitration Rules of the American Arbitration Association (1993), made applicable by the parties' agreement, provide as follows:
"1. Agreement of Parties:
 The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) or under its Commercial Arbitration Rules. . . .
". . . .
 "6. Initiation under an Arbitration Provision in a Contract:
 (a) The initiating party (hereinafter claimant) shall . . . give written notice to the other party (hereinafter respondent) of its intention to arbitrate (demand), which shall contain a statement setting forth the nature of the dispute, the amount involved, if any, the remedy sought, and the hearing locale requested, and
 (b) shall file at any regional office of the AAA three copies of the notice and three copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule on page 21.
 "The AAA shall give notice of such filing to the respondent or respondents. A respondent may file an answering statement in duplicate with the AAA within ten days after notice from the AAA, in which event the respondent shall at the same time send a copy of the answering statement to the claimant.
". . . .
"43. Scope of Award:
 ". . . The arbitrator shall, in the award, assess arbitration fees. . . .
". . . .
"48. Administrative Fees:
". . . .
 "The filing fee shall be advanced by the initiating party or parties, subject to final apportionment by the arbitrator in the award.
 "The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.
". . . .
"52. Interpretation and Application of Rules:
 "The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. . . .
Following the numbered rules appear these provisions:
"Administrative Fees:
 ". . . Unless the parties agree otherwise, . . . administrative fees are subject to allocation by the arbitrator in the award.
"Filing Fees:
 "A nonrefundable filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed . . . ."
(Emphasis added.)
According to the Commercial Arbitration Rules relating to "administrative fees," the party "initiating" the arbitration pays the "filing fee." See Rule 48. Therefore, whether Tucker is entitled to the writ depends upon the meaning of the term "initiating party" as it is used in the Commercial Arbitration Rules. The United states Supreme Court has held that arbitration contracts cannot be singled out and subjected to different or more stringent rules of construction. Doctor's Associates, Inc.v. Casarotto, 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902
(1996). Therefore, we answer this question by applying traditional rules of contract interpretation.
General contract law requires a court to enforce an unambiguous, lawful contract, as it is written. P S Business,Inc. v. South Central Bell Telephone Co., 466 So.2d 928, 931
(Ala. 1985). See also McDonald v. U.S. Die Casting DevelopmentCo., 541 So.2d 1064 (Ala. 1989). A court may not make a new contract for the parties or *Page 36 
rewrite their contract under the guise of construing it.Estes v. Monk, 464 So.2d 103 (Ala.Civ.App. 1985). The contract between Phelps and Tucker is unambiguous. It is an agreement, lawfully entered into, to purchase a used car for a sum of money. This contract should be enforced as written.
Parties to a contract are bound by pertinent references therein to outside facts and documents. Green Springs Associates, Ltd. v.Green Springs Village, Ltd., 577 So.2d 872 (Ala. 1991); BenCheeseman Realty Co. v. Thompson, 216 Ala. 9, 112 So. 151 (1927). "Other writings, or matters contained therein, which are referred to in a written contract may be regarded as incorporated by the reference as a part of the contract and[,] therefore, may properly be considered in the construction of the contract." 17A Am.Jur.2d Contracts § 400 (1991). The contract between Tucker and Phelps declares that disputes are to be resolved through binding arbitration according to the AAA's Commercial Arbitration Rules; therefore, the agreement incorporates the language of the Commercial Arbitration Rules regarding the resolution of disputes.
When interpreting a contract, a court should give the terms of the agreement their clear and plain meaning and should presume that the parties intended what the terms of the agreement clearly state. Pacific Enterprises Oil Co. (USA) v. Howell PetroleumCorp., 614 So.2d 409 (Ala. 1993). Words used in a contract will be given their ordinary, plain, or natural meaning where nothing appears to show they were used in a different sense or that they have a technical meaning. Smith v. Citicorp Person-to-PersonFinancial Centers, Inc., 477 So.2d 308 (Ala. 1985). "[S]pecific terms and exact terms are given greater weight than general language." Restatement (Second) of Contracts § 203 (c) (1981). Where words used in a contract are susceptible of more than one meaning, the courts will, if possible, ascertain from all the provisions of the contract the sense in which the words were used by the parties. Tennessee v. Whitworth, 117 U.S. 129,6 S.Ct. 645, 29 L.Ed. 830 (1886).
Rule 6 of the Commercial Arbitration Rules states that the "initiating party (hereinafter claimant)" shall file the "appropriate filing fee" as mandated in the schedule accompanying, the rules. That same rule later explains that after the "claimant" has stated the nature of the dispute, the respondent shall file an answering statement and send that statement to the claimant. The word "claimant" is defined inBlack's Law Dictionary (6th ed. 1990) as "[o]ne who claims or asserts a right, demand or claim." The word "respondent" is defined in Black's as "one who makes an answer to a bill or other proceeding in equity" or one "who contends against an appeal." Considering these words in light of their plain meaning, we conclude that the "claimant" is the party who makes a demand upon another party and that the "respondent" is the party who must answer the allegations.
If we apply these general definitions to the facts of this case, it would be awkward to interpret the Commercial Arbitration Rules to mean that Tucker is the claimant. Such an interpretation would force Tucker to state the nature of the claims against itself. Equally as awkward, this interpretation would then force Phelps to answer the very complaint that he filed against Tucker. It is unreasonable to believe that the parties in this case intended to apply the terms "initiating party" and "claimant" to Tucker, the party defending itself against a claim by Phelps. Judging from the plain meaning of these labels as they are used in the Rules and from what the parties intended by the terms "claimant" and "initiating party," it is clear that Phelps is the claimant and Tucker is the respondent.
Had Phelps initially honored the terms of his agreement to arbitrate instead of filing a civil action, he would have been required to file with the AAA a written demand for arbitration, accompanied with the appropriate prepaid filing fee. He obviously would have been considered the initiating party. The logical outcome of the circuit court's order would be that any claimant could avoid paying the filing fee by going into court first and forcing the defendant to move to compel arbitration. *Page 37 
A dispute over this exact wording was addressed by the Court of Appeals of Arizona in A.P. Brown Co. v. Superior Court,16 Ariz. App. 38, 490 P.2d 867 (1971). In that case, the plaintiffs sought damages for the defendants' alleged fraud in inducing them to enter into a contract for the purchase of real estate. The defendants successfully moved to stay the action on the grounds that the contract required submission of the dispute to arbitration. The plaintiffs then petitioned the trial court to order the defendants to pay the appropriate filing fees. The plaintiffs contended that they were not the "initiating party" because the court had ordered arbitration on the motion of' the defendant. The Arizona Court of Appeals wrote:
 "It is well settled that courts must give effect to a contract as written. Here, the parties' contract provided for submission of controversies to arbitration.[*] The arbitration provision expressly referred to the rules of the American Arbitration Association as controlling the mode of resolution. Therefore, the AAA's rule as to fees was incorporated into this contract by reference and the [plaintiffs] were bound thereby. Furthermore they cannot escape their contractual obligation by saying that they had not read the AAA rules.
 "According to the association's rule with respect to administrative fees, the parties initiating the arbitration are required to advance fees. The [Plaintiffs] contend that they are not `the initiating party' since arbitration was ordered by the court. This argument is clearly specious since the court merely found that the subject matter of the lawsuit, filed by the [plaintiffs] should be submitted to arbitration as per their agreement and stayed the pending proceeding.
 "[*] The respondent court, in apportioning the fees as it did, was apparently swayed by the claim of hardship. It should not, however, have permitted equitable considerations to obfuscate the plain terms of the agreement since the AAA rules themselves provide for relief in the event of hardship."
A.P. Brown Co., 16 Ariz. App. at 40-41, 490 P.2d at 869-70
(citations omitted). We find the reasoning of the Arizona Court of Appeals compelling.
Phelps argues that it might place a hardship upon him to force him to pay the filing fees, but, if it does, this alone should not permit this Court to substitute different meanings for the terms used by the parties. To do so would be contrary to Alabama law:
 "Where a contract is unambiguous and plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair. Where the parties express without ambiguity their intention, no court can alter the agreement, and no room for judicial construction is left."
Lilley v. Gonzales, 417 So.2d 161, 163 (Ala. 1980.
We should note as did the Arizona Court of Appeals when it answered this same question in 1971, that our holding in no way precludes claimants under financial hardships from acquiring a resolution to contract disputes they have agreed to arbitrate. Phelps did not exhaust his administrative remedies as to the matter of the filing fee; he did not pursue the options provided for him under the AAA Commercial Arbitration Rules. Rule 48 specifically provides that the AAA can defer or reduce the administrative fees "in the event of extreme hardship on the part of any party."[2] Phelps has not yet asked the AAA to do this. It is also possible *Page 38 
under Rule 43 for the arbitrator to apportion all fees to one party or the other. The AAA's Commercial Arbitration Rules discourage frivolous claims, and, at the same time, they take into account the needs of financially distressed claimants.
The Jefferson circuit Court is directed to vacate its July 29, 1996, order and to require Phelps, the "initiating party" referred to in the arbitration agreement, to prepay the costs for the arbitration.
WRIT GRANTED.
MADDOX and SEE, JJ., concur.
HOUSTON, COOK, and LYONS, JJ., concur specially.
ALMON, SHORES, and KENNEDY, JJ., dissent.
[1] The "Retail Buyer's Order," attached as exhibit "A" to Tucker's petition, provides: "[I]n the event any dispute(s), under the terms of this contract of sale arise . . . Dealer and the purchaser agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of [9 U.S.C. § 1 et seq.] and according to the commercial rules of the American Arbitration Association then existing, in Birmingham, Alabama."
[2] We would also add that recently the American Arbitration Association announced its intention to ensure that the costs of arbitration are reasonable by adopting the following "principle":
"PRINCIPLE 6. REASONABLE COST.
 "1. Reasonable Cost Providers of goods and services should develop ADR [alternative dispute resolution] programs which entail reasonable cost to Consumers based on the circumstances of the dispute, including, among other things, the size and nature of the claim, the nature of goods or services provided, and the ability of the Consumer to pay. In some cases, this may require the Provider to subsidize the process.
 "2. Handling of Payment. In the interest of ensuring fair and independent Neutrals, the making of fee arrangements and the payment of fees should be administered on a rational, equitable and consistent basis by the Independent ADR Institution."