I write specially to state that I join in the main opinion without reservation. Upon reading Justice Almon moving dissent, I am compelled to observe that I can detect no sense of glee or smug satisfaction on the part of any member of the majority in the difficult task of applying the Federal Arbitration Act to cases pending in the courts of this state. I hasten to add that I do not read in the dissent any insinuation that the majority relishes the task of implementing the Federal Arbitration Act, but I wish to eliminate any doubt.
In his dissent, Justice Almon invokes the Ninth andTenth Amendments to the United States Constitution as he passionately protests what he sees as injury to fundamental rights resulting from the application of the Federal Arbitration Act. I am reminded of the spirit in which I wrote a concurring opinion inEx parte Dan Tucker Auto Sales, Inc., 718 So.2d 33 (Ala. 1998), where I expressed an apparently divergent view as to the availability of the Tenth Amendment in the context of federal power derived from the Commerce Clause (Art. I, § 8), further discussed what I see as mixed signals in this area from the Alabama Constitution of 1901, and offered what I consider to be a defensible role for the doctrine of unconscionability. I do not believe this case presents such facts as would be essential for a finding of unconscionability.