I concur in the reversal of the trial court's order denying the defendant's motion to compel arbitration. I write specially to elaborate upon the rule of Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801,18 L.Ed.2d 1270 (1967), in which the Supreme Court announced that in cases governed by the Federal Arbitration Act,9 U.S.C. §§ 1-16, [1] issues concerning fraud in the inducement of a contract generally are *Page 755 
for the arbitrator, while claims of fraud in the inducement of an arbitration agreement itself are for the court. In the trial court, Lind's efforts to attack the arbitration clause itself were confined to a single sentence in an opposition to the motion to compel. No parallel allegation of the complaint and corroborating affidavit supports the plaintiff's theory that the arbitration agreement is unenforceable. See Jonesv. Merrill Lynch, Pierce, Fenner Smith, Inc.,604 So.2d 332, 337 (Ala. 1991) (requiring more than averments in a complaint to defeat arbitrability). The plaintiff did not attempt to attack the agreement on grounds of unconscionability.
This case, therefore, does not present the issue whether the trial court must submit a claim of fraud in the inducement or a claim of unconscionability[2] to the arbitrator in a case where the record contains an evidentiary basis for such a claim and where the arbitration agreement provides for arbitration of the issue of arbitrability. Such authority of the arbitrator to determine its own authority may itself be an indicium of unconscionability. See the comment about the open-ended nature of such an agreement in AT T Technologies, Inc. v.Communications Workers of America, 475 U.S. 643, 651,106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), noted in Allstar Homes,Inc. v. Waters, 711 So.2d 924 (Ala. 1997).
[1] The plaintiff argues that the contract containing the arbitration clause did not involve interstate commerce, but because this issue was not raised in the trial court, we do not address it on appeal. Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992).
[2] In my concurring opinion in Ex parte DanTucker Auto Sales, Inc., 718 So.2d 33 (Ala. 1998), I discussed the prospect for applying the doctrine of unconscionability to an arbitration agreement.