HOUSTON, Justice
(concurring specially).
The United States Court of Appeals for the Eleventh Circuit released its opinion in Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611 (11th Cir.2001), on June 6, 2001, after this Court *736 released its opinion on original submission in Cavalier Manufacturing, Inc. v. Jackson, 823 So.2d 1237 (Ala.2001). Therefore, this Court did not have the benefit of the Eleventh Circuit’s opinion in Cunningham when Cavalier was decided. When it comes to predispute arbitration under the Federal Arbitration Act, 9 U.S.C. § 2 (which I personally do not believe Congress intended to apply in State Courts, see my special writing in Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 38 (Ala.1998) (Houston, J., concurring specially)), I follow not only the direction of the United States Supreme Court, which I am required to do under the Supremacy Clause of the Constitution of the United States, but also the direction of the United States District Courts and Courts of Appeals, although the Supremacy Clause does not require that I do so. See my special writing in Southern Energy Homes, Inc. v. Lee, 732 So.2d 994,1003-04 (Ala.1999) (Houston, J., concurring specially):
“The United States Supreme Court has not specifically addressed the issues presented in this present case. However, the United States District Court for the Middle District of Alabama has. See Rhode v. E & T Investments, Inc., 6 F.Supp.2d 1322 (M.D.Ala.1998); Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala.1997), affirmed, 127 F.3d 40 (11th Cir.1997) (table); Boyd v. Homes of Legend, Inc., 981 F.Supp. 1423 (M.D.Ala.1997). It is also significant to me that the United States Court of Appeals for the Eleventh Circuit affirmed the district court’s judgment in Wilson, albeit without an opinion. Although I am not bound to follow the decisions of the federal courts that decided those cases, I nonetheless find the reasoning of the district court to be sound, at least on its face. Because of the strong public policy in this state against the specific enforcement of pre-dispute arbitration agreements, I will not go behind the reasonable decisions of these federal courts interpreting a federal statute as barring the specific enforcement of such agreements.”
Therefore, I concur in overruling Jackson to the extent that it is inconsistent with Cunningham; in doing so, I compare myself with the “barrister” in the quote from Christopher Sinclair Stevenson’s When in France, p. 166 (1989): “There is nothing like a new precedent to cause a barrister to leap with joy like a springtime lamb.”