I would affirm. I write only to address the paragraph in the majority opinion that begins with the sentence: "We note a potential for injustice." Since this paragraph is dicta, I concur specially with the majority opinion rather than concurring in the result.
In Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249, 1258 (Ala. 1997) (an opinion I wrote), four Justices on this Court followed the United States Court of Appeals for the Fifth Circuit's interpretation of § 3 of the FAA. (Another Justice concurred in *Page 909 
the result, without writing.) In Alford v. Dean Witter Reynolds, Inc.,975 F.2d 1161, 1164 (5th Cir. 1992), the Fifth Circuit Court of Appeals wrote:
 "Finally, Alford argues that the district court's dismissal with prejudice of her claims is contrary to the precise terms of Section 3 of the Federal Arbitration Act. Section 3 provides that when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete. 9 U.S.C. § 3. As correctly asserted by Alford, a stay is mandatory upon a showing that the opposing party has commenced suit `upon any issue referable to arbitration under an agreement in writing for such arbitration. . . .' Thus, the court may not deny a stay in such a situation. This rule, however, was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."
(Footnote omitted; emphasis on word "all" original, and other emphasis added.) Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988), expressly holds that 9 U.S.C. § 3 does not preclude dismissal.
Three federal district court cases, the citations to which are set out in Hurst, 699 So.2d at 1259, interpret 9 U.S.C. § 3 as do the Fifth and the Ninth Circuits.
In construing Alabama statutes, I strongly adhere to the plain-meaning doctrine of statutory construction as a means of maintaining the separation of powers demanded by § 43 of the Constitution of Alabama of 1901.
However, when it comes to federal statutes, particularly those involving arbitration,[1] I defer to the interpretation placed upon those statutes by the federal courts.[2] Southern Energy Homes, Inc.v. Lee, 732 So.2d 994, 1003-04 (Ala. 1999) (Houston, J., concurring specially).
That is what I did in Hurst, and that is what I will continue to do.
Likewise, the arbitration provision at issue provides that the party against whom the "lawsuit" is filed shall "obtain an order from the court to stay or dismiss the lawsuit or otherwise compel arbitration." (Emphasis added.) The plain language of the contract allows Colonial Life and Accident Insurance Company to "dismiss the lawsuit" brought against it by Eugene L. Porter III. That is what Colonial Life asked the trial court to do and that is what the trial court did. The trial court did not err. I would affirm.
[1] In my opinion, the Federal Arbitration Act was not intended to apply to state courts. However, the United States Supreme Court has held that it does apply to state courts, and the Supremacy Clause (Article VI, Constitution of the United States) requires that I follow that interpretation — and I do. (Ex parte Dan Tucker Auto Sales, Inc.,718 So.2d 33, 38 (Ala. 1998) (Houston, J., concurring specially.))
[2] When the United States Courts of Appeal are more or less evenly divided on an interpretation of a federal statute, then I adhere to the plain-meaning rule of statutory construction in deciding which line of authority I will follow. See Ex parte Bozeman, 781 So.2d 165 (Ala. 2000), which the United States Supreme Court affirmed. 533 U.S. 146
(2001). *Page 910