MURDOCK, Judge,
concurring in part and concurring in the result in part.
I concur in the main opinion insofar as it affirms the summary judgment as to the plaintiffs’ claims under 29 U.S.C. § 794. I concur in the result as to that portion of the main opinion reversing the summary judgment in favor of Starkey on the plaintiffs’ state-law claims, including negligence, and I do so on the basis of the following analysis.
As Justice Lyons wrote in the plurality opinion in Ex parte Cramnan, 792 So.2d 392 (Ala.2000):
“[A]s long as [a State] agent has not disobeyed clear instructions, almost any challenged conduct can be reduced to the exercise of some degree of judgment or discretion. However, judicial deference to all conduct in which judgment or discretion is employed would exalt the immunity of § 14, [Ala. Const.1901,] over the right to a remedy preserved by § 13[, Ala. Const.1901]. As an example, there should be some recognizable difference in legal consequence between, on the one hand, a prison warden’s decision not to fire or not to sanction the entity contracting with the State Department of Corrections to provide medical services and, on the other hand, a decision by the driver of a pickup truck on how to drive through or around potholes while transporting prisoners. Each situation involves judgment or discretion. Under our recent cases, the warden is immune and the truck driver is not.
“We cannot, in blind obedience to the doctrine of stare decisis, continue to accept an expansive application of caselaw characterizing as a discretionary function conduct remote from the execution of governmental policy; to do so would perpetuate an erroneous construction of the Constitution. Ex parte Dan Tucker *1129 Auto Sales, Inc., 718 So.2d 33, 42 (Ala.1998) (Lyons, J., concurring specially) (citing Gwin, White & Prince, Inc. v. Henneford, 305 U.S. 434, 454-55, 59 S.Ct. 325, 83 L.Ed. 272 (1939) (Black, J., dissenting)). The time has come to face the necessity of defining ‘injury,’ as that word is used in § 13, in lawsuits against State employees alleging torts committed in the line of duty, in a manner that neither violates § 13 nor prefers § 14 or § 6.01 of the Judicial Article over § 13. We decline to label all discretionary acts by an agent of the State, or all acts by such an agent involving skill or judgment, as ‘immime’ simply because the State has empowered the agent to act. Such an expansive view of the power of the State to act with immunity for its agents would be inconsistent with the rights secured by § 13.”
792 So.2d at 404-05 (emphasis added; footnotes omitted).[4]
As I read Cranman, it matters not whether Starkey followed the same procedure she had always followed in transferring Kyle, or whether she used her “discretion” to follow some different procedure in doing so, Starkey’s conduct in this case was not conduct of the nature to which Cranman would, and Ex parte Butts, 775 So.2d 173 (Ala.2000), does, extend State-agent immunity. More specifically, Kyle was not injured by virtue of an “exercis[e] [of] judgment” by Starkey in “educating students.” Kyle was injured simply by a personal tort committed by Starkey. The fact that Starkey was empowered by the State to undertake the action in which she was engaged when she committed that tort does not change the intrinsic nature of the conduct that led to Kyle’s injury.
CRAWLEY, P.J., concurs.

. Addressing personal-injury claims brought against bus drivers employed by a county board of education, this court wrote in Horton v. Briley, 792 So.2d 432 (Ala.Civ.App.2001):
"[The plaintiff] argues that the bus drivers' duties are not included within any of the categories of State-agent immunity described by the supreme court in [Ex parte] Cranman [, 792 So.2d 392 (Ala.2000) ]. Bus drivers certainly use their own judgment or discretion in performing their duties, but that judgment or discretion is not related to the formulation or application of governmental policy. The Cranman court explained, '[Cjharacterizing as a discretionary function conduct remote from the execution of governmental policy ... would perpetuate an erroneous construction of the Constitution.’ Cranman, 792 So.2d at 404.”
792 So.2d at 434.