BRYAN, Judge.
 

 In this interpleader action, Scheer Homes, Inc., and Kurt Scheer (hereinafter referred to collectively as “Scheer”) appeal from a judgment in favor of Richard M. Hills and Hills Real Estate (hereinafter referred to collectively as “Hills”). We reverse the trial court’s judgment and remand the ease to the trial court for further proceedings consistent with this opinion.
 

 On June 9, 2006, Hills Real Estate and Kurt Scheer entered into a written contract (“the contract”) regarding the sale of the Stratford Arms apartments (“the Property”) in Birmingham.
 
 [1]
 
 In pertinent part, the contract provided:
 

 “The undersigned Buyer(s) Hills Real Estate and/or Assigns hereby agrees to purchase and the undersigned Seller(s) Kurt Scheer hereby agrees to sell the following described real estate, together with all improvements, shrubbery, plantings, fixtures and appurtenances (the ‘Property’) situated in the City of Birmingham, County of Jefferson, Alabama, on the terms stated below:
 

 “Property Name: Stratford [Arms] Apartments Address: 1000 18th Street South Zip Code: 35205
 

 “1. THE TOTAL PURCHASE PRICE OF THE PROPERTY SHALL BE $910,000
 

 “Earnest Money under this Contract shall be (see paragraph 3 below) $25,000 “2. CLOSING & POSSESSION DATE: The sale shall be closed and the deed delivered on or before sixty (60) days from [June 9, 2006]....
 

 “3. EARNEST MONEY, BUYER’S DEFAULT & SELLER’S DEFAULT: Seller and Buyer hereby direct Lawyers Title (hereinafter referred to as ‘Escrow Agent’) to hold the Earnest Money in escrow pursuant to the provisions of this Contact. Buyer shall deposit the Earnest Money with the Escrow Agent .... In the event either Buyer or Seller claims the escrowed funds without the agreement of the other party, any holder of the escrowed funds may either (i) retain the escrowed funds until there is a written mutual release among the parties, (ii)
 
 interplead the disputed portion of the funds into the appropriate court,
 
 
 *889
 

 and shall be entitled to deduct from the escrowed funds for count costs, attorney fees and other expenses relating to the interpleader,
 
 or (iii) deliver the es-crowed funds to the party which the Escrow Agent believes in good faith is entitled thereto.
 
 ... In the event of default by Buyer, the Earnest Money shall be forfeited as liquidated damages as Seller’s sole remedy, specific damages being impossible to ascertain. In the event of default by Seller,
 
 Buyer shall be entitled to the remedy of specific performance or
 
 Buyer may terminate this Contract and receive a return of the Earnest Money as Buyer’s sole and exclusive remedies.
 

 “9. CONDITION OF THE PROPERTY: NEITHER SELLER NOR ANY BROKER OR SALES ASSOCIATE MAKES ANY REPRESENTATIONS NOR WARRANTIES REGARDING CONDITIONS OF THE PROPERTY EXCEPT TO THE EXTENT EXPRESSLY SET FORTH HEREIN. Buyer has the obligation to determine any and all conditions of the Property material to Buyer’s decision to purchase the Property, including, without limitation, ...
 
 any matters affecting the character of the neighborhood. ...
 

 “13. SELLER WARRANTY: Seller warrants that seller has not received notification from any owners association or lawful authority regarding any assessments that remain unpaid, pending assessments, or pending public improvements, repairs, replacements, or alterations
 
 to the Property.
 
 Seller warrants that there is no unpaid indebtedness on the Property except as described in this Contract or which shall be paid at closing from the proceeds of the Purchase Price.
 

 “21. MISCELLANEOUS: ... (d) If either party shall employ an attorney to enforce rights hereunder,
 
 the prevailing party in any court action or legal proceeding brought by either party shall be entitled to attorney’s fees and costs incurred in bringing any action or asserting defenses thereto,
 
 in addition to any other remedies or damages awarded in such action. ... (f) It shall be a condition to Buyer’s obligation to close that Seller’s material representations and warranties under this Contract be materially true when made and as of the closing date.”
 

 (Emphasis added.)
 

 In accordance with the contract, Hills delivered earnest money in the amount of $25,000 to Lawyers Title Insurance Corporation to be held in escrow. The parties subsequently scheduled the closing of the sale for August 25, 2006.
 

 Meanwhile, Alabama Power Company (“APC”), which owns the parcel of land that abuts the southern boundary of the Property, decided to build an electrical power substation on the parcel to the south of the Property. Although the record does not specify the date when APC decided to build that electrical power substation, it indicates that that date was sometime before June 19, 2006. The record establishes that, by June 19, 2006, Scheer had learned of APC’s decision to build the electrical power substation but did not inform Hills until August 23, 2006, two days before the scheduled closing of the sale of the Property. After learning that APC had decided to build the electrical power substation on the parcel to the south of the Property, Hills refused to close the sale of the Property. Subsequently, Scheer and Hills each demanded payment of the earnest money from Lawyers Title.
 

 
 *890
 
 In September 2006, pursuant to Rule 22, Ala. R. Civ. P., Lawyers Title commenced this interpleader action, seeking an order requiring Scheer and Hills to interplead their claims to the earnest money for adjudication.
 
 [2]
 
 Contemporaneously, Lawyers Title moved the trial court to allow it to pay the earnest money to the trial court clerk for deposit in an interest-bearing account pending the adjudication of the parties’ claims to the earnest money. The trial court granted that motion, and Lawyers Title paid the earnest money to the trial court clerk, who deposited it into an interest-bearing account.
 

 Hills filed a cross-claim against Scheer, stating claims of breach of contract, fraud, deceit, and suppression. Hills alleged that Scheer, by failing to disclose to Hills, before Hills entered into the contract, that APC had decided to build an electrical power substation on the parcel to the south of the Property, had breached paragraph 13 of the contract and had committed the torts of fraud, deceit, and suppression. As relief for the alleged breach of paragraph 13 of the contract, Hills sought to recover (1) the earnest money, (2) various expenses Hills had allegedly incurred in connection with the sale of the Property, and (3) an attorney fee and other costs. As relief for the alleged torts, Hill sought punitive damages as well as the relief it sought for the alleged breach of paragraph 13 of the contract.
 

 Scheer filed a cross-claim against Hills, alleging that Hills had breached the contract by refusing, without justification, to close the sale. As relief for the alleged breach of contract, Scheer sought recovery of the earnest money as liquidated damages.
 

 Upon the motion of Lawyers Title, the trial court dismissed Lawyers Title from the action; awarded Lawyers Title an attorney fee and costs totaling $3,305.70; ordered the trial court clerk to pay Lawyers Title that $3,305.70 from the inter-pleaded funds; realigned Hills as the plaintiff in the action; and certified its order making those rulings as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 

 Scheer moved the trial court for a summary judgment with respect to (1) its claim against Hills and (2) Hills’s claim against Scheer. As the ground of its summary-judgment motion, Scheer asserted that it was not obligated to inform Hills of APC’s decision to build the electrical power substation because (1) the electrical power substation was to be built on the parcel to the south of the Property rather than on the Property itself and (2) paragraph 13 of the contract only obligated Scheer to inform Hills of pending public improvements if they were to be built on the Property itself.
 

 Hills moved the trial court for a partial summary judgment solely on the issue of who was entitled to the earnest money. Hills asserted that it was entitled to a partial summary judgment determining that it was entitled to the earnest money because, it argued, paragraph 13 required Scheer to disclose that APC had decided to build the electrical power substation on the parcel to the south of the Property.
 

 Following a hearing on the motions and the submission of briefs by the parties, the trial court, on October 11, 2007, entered an order (1) granting Hills’s partial-summary-judgment motion, (2) awarding Hills the
 
 *891
 
 earnest money, (3) denying Scheer’s summary-judgment motion, and (4) giving Hills 20 days to file a motion seeking the recovery of an attorney fee pursuant to paragraph 21(d) of the contract. Explaining the rationale for its ruling, the trial court stated:
 

 “Conclusions of Law
 

 “1. Paragraph 13 is a contractual modification, assented to and bargained for by the parties, to the common-law rule of caveat emptor which applies when purchasing used real property.
 
 Moore v. Prudential Residential Services,
 
 849 So.2d 914 ([Ala.] 2002).
 

 “2. Paragraph 13 contains Seller’s warranties that survive closing and addresses pending public improvements. The court specifically finds that the electrical power substation at issue in this case is a pending public improvement to the property because the public improvement on the adjoining property is a substantial deviation from the adjoining property’s current use, and thus this said public improvement affects the subject parcel and is subject to paragraph 13 of the sales contract.”
 

 Within 20 days after October 11, 2007, Hills moved the trial court to award it an attorney fee in the amount of $6,893 for services provided by Hills’s attorney in this action and to tax as costs payable by Scheer the $3,305.70 the trial court had previously ordered the trial court clerk to pay Lawyers Title from the earnest money. On October 29, 2007, the trial court entered an order granting Hills’s motion in its entirety and certifying that that order was a final judgment pursuant to Rule 54(b). Scheer then timely appealed to this court.
 

 On appeal, Scheer argues that the trial court erred in granting Hills’s summary-judgment motion because, it says, under the doctrine of caveat emptor, it was not obligated to disclose to Hills that APC had decided to build an electrical power substation on the parcel to the south of the Property and because paragraph 13 did not contractually obligate it to disclose to Hills that APC had made that decision. We agree.
 

 “ We review a summary judgment de novo.’”
 
 Bradley v. Miller,
 
 878 So.2d 262, 266 (Ala.2003) (quoting
 
 Potter v. First Real Estate Co.,
 
 844 So.2d 540, 545 (Ala. 2002)). Subject' to certain exceptions not applicable in the case now before us, the doctrine of caveat emptor applies to the sale of used real estate in Alabama.
 
 See Moore v. Prudential Residential Servs. Ltd. P’ship,
 
 849 So.2d 914, 923 (Ala.2002). Thus, in the absence of an obligation assumed by Scheer in the contract, Scheer had no obligation to disclose to Hills that APC had decided to build an electrical power substation on the parcel to the south of the Property.
 

 In determining whether Scheer assumed a contractual obligation to disclose to Hills that APC had decided to build an electrical power substation on the parcel to the south of the Property, we are governed by the following principles:
 

 “Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract. See
 
 Loerch v. National Bank of Commerce of Birmingham,
 
 624 So.2d 552, 553 (Ala.1993). Where there is no indication that the terms of the contract are used in a special or technical sense, they will be given their ordinary, plain, and natural meaning. See
 
 Ex parte Dan Tucker Auto Sales, Inc.,
 
 718 So.2d 33, 36 (Ala. 1998). If the court determines that the terms are unambiguous (susceptible of only one reasonable meaning), then the court will presume that the parties intended what they stated and will enforce the contract as written. See
 
 id.
 
 at 36;
 
 *892
 

 Voyager Life Ins. Co. v. Whitson,
 
 703 So.2d 944, 948 (Ala.1997). On the other hand, if the court determines that the terms are ambiguous (susceptible of more than one reasonable meaning), then the court must use established rules of contract construction to resolve the ambiguity....”
 

 Homes of Legend, Inc. v. McCollough,
 
 776 So.2d 741, 746 (Ala.2000).
 

 In the case now before us, the language of paragraph 13 of the contract states that Seheer must disclose to Hills “pending public improvements, repairs, replacements, or alterations
 
 to the Property.”
 
 (Emphasis added.) The contract defines “the Property” as the Stratford Arms apartments; the contract does not state that “the Property” includes the parcel to the south of the Property. Moreover, paragraph 9 of the contract specifically provides that Hills, as the buyer, must determine whether there are “any matters affecting the neighborhood” that would affect its decision to purchase the Property. Accordingly, we conclude that the unambiguous language of the contract states that Seheer was not contractually obligated to disclose to Hills that APC had decided to build an electrical power substation on the parcel to the south of the Property because the parcel to the south of the Property is not part of the Property itself; rather the parcel to the south of the Property is part of the neighborhood surrounding the Property. Thus, the trial court erred in concluding that paragraph 13 contractually obligated Seheer to disclose to Hills that APC had decided to build an electrical power substation on the parcel to the south of the Property. Therefore, we reverse the trial court’s judgment and remand the action to the trial court for further proceedings consistent with this opinion.
 

 Because we have resolved this appeal on the basis of the first argument presented in Scheer’s brief, we do not reach the other argument presented in its brief.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The underlying action was an interpleader action instigated by Lawyers Title Insurance Corporation. Although Hills Real Estate and Kurt Scheer were the parties to the contract, Lawyers Title named, among others, Scheer Homes, Inc.; Kurt Scheer; Hills Real Estate; and Richard M. Hills as defendants in the interpleader action. It is unclear from the record what the relationship is between Kurt Scheer and Scheer Homes, Inc., or what the relationship is between Richard M. Hills and Hills Real Estate; moreover, it is unclear why Lawyers Title named Scheer Homes, Inc. and Richard M. Hills as defendants in the inter-pleader action. However, all four parties participated in the proceedings below and purport to be parties on appeal.
 

 [2]
 

 . Lawyers Tide also sought an order requiring Rock Apartment Advisors to interplead a claim to the earnest money. However, Rock Apartment Advisors, which had acted as an agent for Scheer in its efforts to sell the Property, denied that it had a claim to any of the earnest money and sought dismissal from this action. The trial court dismissed Rock Apartment Advisors, and it is not a party to this appeal.