MOORE, Chief Justice
(dissenting).
Because I believe that the trial court incorrectly construed the agreement the interpretation of which is at issue in this case, I respectfully dissent from affirming its judgment.

I. Facts and Procedural History

In 1991, Wal-Mart Stores, Inc. (“Wal-Mart”), and Estes Oil Company, Inc. (“Estes”), entered into an “Access and Facility Easements” agreement (“the agreement”) regarding the use of their adjacent properties in Florence. Wal-Mart’s property was termed “Tract 1” in the agreement; Estes’s property was termed “Tract 3.” Paragraph 11 of the agreement states:
“Competing Businesses. Wal-Mart covenants that as long as Estes or any affiliate of Estes is the user of Tract 3, either as owner or lessee, no portion of Tract 1 shall be leased or occupied by or conveyed to any other party for use as an auto gasoline station.”
Wal-Mart built a Sam’s Wholesale Club on Tract 1. On October 21, 1996, Sam’s Real Estate Business Trust, Inc. (“Sam’s REBT”), was organized as a business entity in Delaware. On October 31, 1996, Wal-Mart conveyed Tract 1 by a warranty deed to Sam’s REBT, which on March 13, 1997, registered to do business as a foreign corporation in Alabama. In 2003, Wal-Mart recorded in Lauderdale County the warranty deed conveying Tract 1 to Sam’s REBT. In 2012, Sam’s REBT began building a gasoline station on Tract 1. Paragraph 9 of the agreement states: “The rights and obligations contained herein shall run with the title to Tract 1 and Tract 3 and shall bind and insure [sic] to the benefit of the respective successors and assigns of the parties hereto.”
Upon discovering that Sam’s REBT was building a gasoline station on Tract 1, Estes, which had operated a gasoline station on Tract 3 since 1984, sued Sam’s REBT, seeking injunctive relief to halt the construction of the gasoline station. Sam’s REBT counterclaimed, seeking a judgment declaring that the agreement did not forbid its construction of a gasoline station on Tract 1. The trial court, treating Sam’s REBT as the legal equivalent of Wal-Mart, denied injunctive relief to Estes and entered a summary judgment for Sam’s REBT. Estes appeals.

II. Standard of Review

A summary judgment is reviewed de novo, and the judgment is given no presumption of correctness. Baldwin v. Branch, 888 So.2d 482, 484 (Ala.2004). A summary judgment is proper when there *937 is “no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56, Ala. R. Civ. P.

III. Analysis

The dispositive issue is whether Sam’s REBT qualifies as “any other party” under paragraph 11 of the agreement. Sam’s REBT argues that as a wholly owned subsidiary of Wal-Mart it is not “any other party” but is the same party as Wal-Mart. Thus, it argues, paragraph 11 does not restrict its use of Tract 1. The trial court, agreeing with Sam’s REBT, stated in its summary-judgment order:
“While paragraph 11 would appear to prevent an ‘other party’ from using [Wal-Mart’s] property as an ‘auto gasoline station,’ [Estes] has offered no viable legal or factual argument suggesting that [Sam’s REBT] is such an ‘other party or that paragraph 11 has any application to [Sam’s REBT’s] own use of its property.”
However, in its opposition to Sam’s REBT’s summary-judgment motion, Estes contended that Sam’s REBT was an “other party” to the agreement because, it argued, “Sam’s is not an original party to the [agreement], Sam’s is a freestanding corporate entity, Sam’s has not been merged into Wal-Mart or any other corporate entity, and it does not claim to be the alter-ego of Wal-Mart.”
A party is “[o]ne who takes part in a transaction.” Black’s Law Dictionary 1231 (9th ed.2009). In 1996, Sam’s REBT took part in a transaction with Wal-Mart, namely the conveyance by a warranty deed of Tract 1 from Wal-Mart to Sam’s REBT. The deed was recorded in Lauderdale County in 2003. Sam’s REBT is organized as a Delaware business trust and is registered as a foreign corporation in Alabama under its own name. If Sam’s REBT were not a separate legal entity from Wal-Mart, how could Wal-Mart convey Tract 1 to Sam’s REBT? It can hardly be argued under the law that the conveyance of Tract 1 by a warranty deed was not a transaction between two parties. No legal justification exists for one party to deed to itself property it already owns. Nor, for example, would a lien against Wal-Mart be filed against property in the name of Sam’s REBT. Sam’s REBT, though a wholly owned subsidiary of Wal-Mart, is nonetheless an “other party” to the agreement between Estes and Wal-Mart and thus also a successor or assignee of Wal-Mart under paragraph 9.
Had Wal-Mart desired to exclude affiliates or subsidiaries from the scope of the term “any other party” in the agreement, it could have bargained with Estes to add such an exclusion to the agreement and thus protected from the constraints of paragraph 11 any conveyance of Tract 1 to an affiliated entity. However, as the agreement is worded and in accord with common usage of the term “party,” Sam’s REBT is a stranger to the agreement and thus an “other party” under its terms. “Words used in a contract will be given their ordinary, plain, or natural meaning where nothing appears to show they were used in a different sense or that they have a technical meaning.” Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 36 (Ala.1998). See also Strickland v. Rahaim, 549 So.2d 58, 60 (Ala.1989) (noting that “the parties [to a contract] are presumed to have intended what the terms clearly state”).

IV. Conclusion

Because Sam’s REBT is a separate legal entity from Wal-Mart and was not a party to the agreement, it qualifies as an “other party”* under paragraph 11 of the agreement. Therefore, I respectfully dissent from affirming the trial court’s summary judgment for Sam’s REBT.