**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 25-11598

Non-Argument Calendar

———————————————

GORDON BALL,
    individually and on behalf of Gordon Ball, PLLC,
GORDON BALL LLC,

*Plaintiffs-Appellants,*

*versus*

PATRICK W. PENDLEY,
PENDLEY, BAUDIN & COFFIN LLC,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:25-cv-00014-RDP

———————————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit Judges.

PER CURIAM:

Gordon Ball and Gordon Ball LLC appeal the dismissal of their amended complaint against Patrick Pendley and Pendley, Baudin & Coffin LLC. The complaint asserted breach of contract, joint venture, equitable estoppel, and unjust enrichment as bases for relief. Because the complaint failed to state a claim for relief under state law, *see* FED. R. CIV. P. 12(b)(6), we affirm.

## I. BACKGROUND

Ball and Pendley are experienced attorneys who have collaborated on complex litigation in jurisdictions across the country. In May 2012, Ball filed an antitrust class action against Blue Cross Blue Shield in a federal district court in Tennessee. That same month, Ball met with Pendley and, anticipating that Ball's suit would "cause others to file similar class actions" likely to "wind up being the subject of a multi-district litigation," they decided to "quickly file many state class action cases" to "increase the likelihood" of being "assigned a senior role" in that litigation. Ball alleges that they "orally agreed [to] split costs equally and split equally any fees that they and their firms might eventually be awarded from the [Blue Cross] cases." After their meeting, the two attorneys filed class actions against Blue Cross in jurisdictions across the country. In December 2012, the Judicial Panel on Multidistrict Litigation consolidated Ball's initial action and other federal actions against Blue Cross, including those Ball and Pendley had filed together, in an Alabama district court. *See* 28 U.S.C. § 1407.

In 2013, the firms in leadership positions in that litigation—including Pendley's and Ball's—executed a joint venture agreement that governed the allocation of fees with an integration clause that stated it that it "supersed[ed] any prior understandings or written or oral agreements" regarding the litigation.

On November 18, 2016, Ball sent Pendley a letter, the entirety of which read:

> RE: *In the Blue Cross Blue Shield Antitrust Litigation*, MDL 2406
>
> Dear Pat:
>
> This letter will memorialize our agreement that our respective law firms will share equally in any attorney fees ultimately awarded to either of our firms in the state cases we filed concerning the *Blue Cross Blue Shield Antitrust Litigation*.
>
> Yours truly,
>
> []
>
> Gordon Ball

Pendley and Ball both signed the letter.

The multidistrict litigation settled in September 2020. In August 2022, the district court awarded Pendley's firm over $12 million and Ball's firm about $450,000. Ball filed this action for breach

of contract, joint venture, equitable estoppel, and unjust enrichment, seeking an equal split of the fees based on the 2012 oral agreement and the 2016 letter.

Pendley moved to dismiss Ball's amended complaint, and the district court granted that motion. It ruled that the 2013 joint venture agreement superseded the 2012 oral agreement and that the 2016 letter was unambiguous and applied only to "state" cases, not the federal multidistrict litigation. It dismissed Ball's claims for failure to state a claim and, alternatively, as an impermissible shotgun pleading. Ball appeals the dismissal of only his claims for breach of contract, joint venture, and unjust enrichment.

## II. STANDARD OF REVIEW

We review a dismissal for failure to state a claim *de novo*. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). We "accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." *Id.* (alterations adopted) (citation and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation and internal quotation marks omitted).

## III. DISCUSSION

We divide our discussion into three parts. First, we explain that the complaint failed to state a claim for breach of contract. Second, we explain that Ball has forfeited any challenge to the dismissal of his claim for unjust enrichment. Third, we explain that the

complaint failed to state a claim of joint venture. Because we affirm on the merits, we do not reach Ball's challenge to the alternative ruling about a shotgun pleading.

### A. The Complaint Failed to State a Claim for Breach of Contract.

Ball contends that the district court erred in dismissing his breach of contract claim by misinterpreting the 2012 oral agreement and the 2016 letter agreement. He contends that "state cases" is a term of art for cases consolidated into the federal multidistrict litigation and that the 2013 joint venture agreement did not supersede his earlier oral agreement with Pendley. We disagree.

To establish a breach of contract under Alabama law, a plaintiff must prove "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's non-performance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020) (citation and internal quotation marks omitted). Courts give the terms of an agreement their "clear and plain meaning" and "presume that the parties intended what the terms of the agreement clearly state." *Ex parte Dan Tucker Auto Sales, Inc.*, 718 So. 2d 33, 36 (Ala. 1998). A court may not rewrite a contract under the guise of construction. *Id.* at 35.

The 2016 letter agreement, which Ball drafted, specifies that the parties would share fees awarded in the "state cases we filed." Because each action in the multidistrict litigation was filed in federal court, the plain language of the agreement excludes those fees.

6                    Opinion of the Court                25-11598

Ball's attempt to frame "state cases" as a term of art fails; experienced counsel are expected to know the jurisdictional distinction between state and federal fora.

Even if there were any ambiguity, we would have to construe any ambiguity against Ball, as drafter of the 2016 agreement. *See Jackson v. Enter. State Cmty. Coll.*, 390 So. 3d 567, 575 (Ala. 2023) ("[A]ny ambiguity must be construed against the drafter of the contract."). We cannot adopt a construction that gives the word "state" no effect or renders it meaningless. *See Am. Res. Ins. Co. v. H & H Stephens Const., Inc.*, 939 So. 2d 868, 877 (Ala. 2006) ("[A court] must . . . give meaning and effect, if possible, to every word . . . in the contract and cannot adopt a construction which neutralizes any provision." (citation and internal quotation marks omitted)). Because the contract is unambiguous, Ball is barred from introducing extrinsic evidence to alter its terms. *Motley v. Express Servs., Inc.*, 386 So. 3d 766, 771–72 (Ala. 2023) ("[A] party to an unambiguous written contract cannot offer parol, or extrinsic, evidence of prior or contemporaneous oral agreements to change, alter, or contradict the terms of the contract." (citation and internal quotation marks omitted)).

Finally, the 2013 joint venture agreement contained an integration clause stating that it "supersede[d] any prior understandings or written or oral agreements" regarding the litigation. That broad language extinguished any prior oral agreements. Ball cannot rely on any earlier oral agreement to contradict his 2013 agreement.

*B. Ball Forfeited Any Challenge to the Dismissal of His Claim of Unjust Enrichment.*

Ball contends that he properly pleaded a claim of unjust enrichment as an alternative theory of recovery. We disagree. Although a party may plead alternative theories of recovery, *see* Fed. R. Civ. P. 8(d)(2), a plaintiff must still provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Caterpillar*, 147 F.4th at 1346 (citation and internal quotation marks omitted). Ball predicates his unjust enrichment claim on a 2013 oral agreement to share joint venture assessments. Yet that agreement is absent from the factual background and unjust enrichment count of his amended complaint.

He also failed to rely on that alleged agreement in his response to Pendley's motion to dismiss. Because Ball raises this argument for the first time on appeal, he has forfeited his challenge to the dismissal of his claim of unjust enrichment. *See Gould v. Interface, Inc.*, 153 F.4th 1346, 1358 (11th Cir. 2025). A party "seals his fate" when he urges an appellate court to consider a "universe of facts" different from those put before the district court. *See id.* By introducing on appeal a 2013 oral agreement that was missing from his complaint, Ball offers not a new argument but a new issue that "alter[s] the factual landscape entirely." *Id.* at 1357. And Ball fails to identify any extraordinary circumstances that would warrant our consideration of this issue. *See id.* at 1358.

*C. The Complaint Failed to State a Claim of Joint Venture.*

Ball contends that his claim of joint venture meets the pleading standard and that it presents a question of fact that barred dismissal at this stage. We disagree. Ball failed to state a claim for relief.

To establish a joint venture under Tennessee law, a plaintiff must prove "(1) a common purpose; (2) some manner of agreement among the parties; and (3) an equal right on the part of each party to control both the venture as a whole and any relevant instrumentality." *Bowman v. Benouttas*, 519 S.W.3d 586, 599 (Tenn. Ct. App. 2016). To survive a motion to dismiss, Ball had to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Caterpillar*, 147 F.4th at 1346 (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to survive a motion to dismiss." *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 146 F.4th 1080, 1088 (11th Cir. 2025) (citations and internal quotation marks omitted).

The amended complaint contains few allegations to suggest that a joint venture existed. Ball alleged only that the parties "created a joint venture," and that "Defendants' conduct violated all of their fiduciary duties." These allegations constitute threadbare recitals of the elements of a cause of action. *See id.* Ball failed to identify what the specific fiduciary duties were, how they arose, or the specific conduct by Pendley that breached them.

More fundamentally, Ball failed to allege facts about the element of control. *See Bowman*, 519 S.W.3d at 599. Although Ball insists the venture can be inferred from the parties' conduct, he still had to allege facts that established an equal right to control the venture and its instrumentalities. *See id.*; *Caterpillar*, 147 F.4th at 1346. Ball and Pendley operated separate law firms under the court-managed multidistrict litigation, so Ball needed to allege plausible facts that would establish that he had an equal right to control Pendley's firm, Pendley's work, or the venture. *See Bowman*, 519 S.W.3d at 599. He did not do so. Because he failed to allege facts to establish control, Ball's claim fails. *See Caterpillar*, 147 F.4th at 1346.

## IV. CONCLUSION

We **AFFIRM** the order dismissing Ball's amended complaint.